JAMES PAINTER, Appellant, *v.* JACOB BAKER, Appellee.

APPEAL FROM MORGAN

A dog was set upon some horses, one of which, while being pursued and jumping a fence, was killed : *Held,* That trespass was the proper remedy.

When an injury results directly from a forcible act, trespass lies; but where the injury is not immediate on the act done, but is consequential only, the remedy is case.

THIS cause was heard and decided by WOODSON, Judge, at the October term, 1854, of the Morgan Circuit Court.

BROWN and McCLURE, for Appellant.

D. A. SMITH, for Appellee.

TREAT, C. J.  Painter sued Baker before a justice of the peace.  He recovered a judgment for $95, and Baker prosecuted an appeal.  The case was submitted to the circuit court upon the following evidence:  Mrs. Moore testified, that her husband and Baker occupied a field, each cultivating a part for himself.  A portion of the fence around the field, which Baker was bound to keep up, was poor and indifferent; one day in the spring of 1854, a breachy cow, belonging to Baker, threw down this portion of the fence, and Painter's horses came into the field, and witness turned them out through the gate.  The horses came into the field again, after night of the same day, and Baker was informed of the fact; he said he would not be all the while putting up the fence, and called the dog; the dog pursued the horses, and in jumping the fence, one of them was killed.  The testimony of another witness was in substance the same.  Mr. Moore testified, that Baker and himself rented and cultivated different parts of the same field; one night, in the spring of 1854, the witness, Baker, Luty and others, were attending to a sick mare in the field, when some one informed Baker that Painter's horses were in the field.  Baker left and soon after the horses were running, pursued by the dog, and one of them was killed in jumping out of the field; the dog was not in the habit of chasing stock, but when set upon stock was fierce and hard to be got off, and witness had warned Baker not to set him after stock; Baker had previously hauled away a part of the division fence between Painter's field and the one occupied by himself and witness, and Painter told him he must replace it; the part to be kept up by Baker adjoining the commons was poor and insufficient;  the horse that was killed was worth $95.  Another witness testified, that Baker, Luty, Moore and himself were

attending to the sick mare, when some one told Baker that Painter's horses were in the field; Baker and witness turned all of the horses out at the gate, except the one that was killed in jumping the fence; Baker did not call the dog, nor was the dog after the horses; it was too dark to see either the horses or the dog. Luty testified, that while they were with the sick mare, Baker's wife said that Painter's horses were in the field, and Baker said he would dog the horses, and called the dog and went after them; the horses came running by, pursued by the dog, and escaped from the field by jumping the fence; Baker said the dog was after the horses, when the horse was killed.

The court decided that the proper remedy was by an action on the case, and not trespass; and dismissed the suit because the justice was without jurisdiction.

The distinction between case and trespass is well established. But there is often much difficulty in applying it to particular cases. The principle is, that where the injury results directly from a forcible act of the defendant, the action of trespass lies; but where the injury is not immediate on the act done, but is consequential only, the remedy is case. The true criterion is, whether the injury proceeds directly or follows consequentially from the act. The distinction is thus well illustrated in the books: If a log is cast into the highway, and while in motion hits another, the injury is immediate, and trespass is the remedy; but if, after the log reaches the highway and becomes stationary, a traveler falls over it and is hurt, the injury is consequential, and the remedy is case.

In this case, if the plaintiff has a cause of action against the defendant, trespass is the appropriate remedy. The injury complained of, resulted directly from the act of the defendant. The force that occasioned the death of the animal, was put in motion by him. He set the dog upon the horses, and the horse was killed in the pursuit. All that happened after the dog was sent after the stock, was but a continuation of the same act. It was as much the act of the defendant, and he is as much answerable for the consequences, as if he had in person chased the horses with the like result. He used the dog as an instrument in committing the trespass. The whole was but one transaction, proceeding directly from him, and immediate in point of time.

In *Arnick* v. *O'Hara*, 6 Blackford, 258, and *James* v. *Caldwell*, 7 Yerger, 38, where the facts were almost identical with those in the present case, the parties injured were allowed to recover in this form of action. The court said, in the latter case: "The dogs were the instruments of assault, as much as a stone thrown from the hand would have been. The chasing of the nag forced her on the stake, and the injury was immedi-

ate, and produced from the act of the defendant." It was said by Lord Ellenborough, in *Leame* v. *Bray*, 3 East, 593 : " If I put in motion a dangerous thing, as if I let loose a dangerous animal, and leave to hazard what may happen, and mischief ensues to any person, I am answerable in trespass."

The circuit court erred in deciding that case was the proper remedy. If the plaintiff is entitled to recover, trespass is clearly maintainable.

The judgment must be reversed and the cause be remanded.

*Judgment reversed.*